IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERNEST WILLIAMS, | § | |
| TDCJ-CID NO. 1120728, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-2357 |
| | § | |
| ANTHONY VALENTI, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Ernest Williams, a TDCJ inmate, has filed suit against a TDCJ correctional officer, Anthony Valenti, alleging that Valenti used excessive force against him on or about April 28, 2012, at the TDCJ Estelle Unit. The defendant has filed Defendant Valenti's Motion for Summary Judgment, with supporting evidence (Docket Entry No. 14), arguing that this action should be dismissed for Williams' failure to exhaust his TDCJ administrative grievance remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Williams has not filed a response to the motion. After reviewing the pleadings and evidence, the court has determined that the defendant's motion should be granted.

## I. The Parties' Arguments and Supporting Evidence

Williams alleges that the incident in question started when Valenti interrupted him while he was trying to communicate with

another correctional officer at the Estelle Unit infirmary on
April 28, 2012. Williams states that Valenti's behavior provoked
him and that the situation developed into a confrontation between
the two men. Williams further states that he complied with
Valenti's order to turn around and that Valenti placed him in
handcuffs. Williams alleges that Valenti then threw him violently
to the floor and began beating him although he was cuffed with his
hands behind his back. Williams states that he was taken to
Huntsville Memorial Hospital for treatment after the assault, and
he was then transferred to the UTMB Hospital in Galveston where he
was placed in ICU. Williams claims he suffered a broken hand, a
broken nose, damaged vision in his right eye, and cerebral
bleeding. Williams asserts that he did file grievances concerning
the claims. (Plaintiff's More Definite Statement, Docket Entry
No. 5, p. 2)

Valenti contends that Williams did not properly exhaust his
administrative remedies. Contrary to Williams' allegations,
Valenti asserts that Williams only filed two Step 1 Grievances,
which have no relevance to the basis of this action. In support of
this argument, he presents the following records:

> **Exhibit A:**   Relevant portions of Williams' grievance
> records for the time period of April 2012
> to the present, with a Business Records
> Affidavit.   (Docket   Entry   No.   15
> [Sealed])

The grievance records (Exhibit A) contain a TDCJ Step 1
Offender Grievance Form filed by Williams on July 22, 2012,

concerning his housing.   (Docket Entry No. 15, p. 3)   Williams
complains in the grievance that he is unable to go to church, use
the law library, and engage in other recreational activities.
There is no mention of any assault or Valenti.   Williams' other
Step 1 Grievance, dated June 8, 2012, challenges the outcome of a
disciplinary proceeding.   Id. at 11-12.   The disciplinary action
concerned an incident in which Williams was charged with assaulting
correctional officer Perrette on May 27, 2012.   There is no record
of a grievance being filed against officer Valenti for the assault
that allegedly occurred on April 28, 2012.

## II.  **Analysis**

Summary judgment shall be granted "if the pleadings,
depositions, answers to interrogatories, and admissions on file,
together with any affidavits filed in support of the motion, show
that there is no genuine issue as to any material fact, and that
the moving party is entitled to judgment as a matter of law." FED.
R. CIV. P. 56(c).  When determining whether a fact issue exists, the
court views "'the facts and the inferences to be drawn therefrom in
the light most favorable to the nonmoving party.'"  In re Kinkade,
707 F.3d 546, 548 (5th Cir. 2013), quoting Reaves Brokerage Co. v.
Sunbelt Fruit & Vegetable Co., 336 F.3d 410, 412 (5th Cir. 2003).
In doing so, the court cannot make any credibility determinations
or weigh the evidence.  Kevin M. Ehringer Enterprises, Inc. v.
McData Services Corp., 646 F.3d 321, 325 (5th Cir. 2011).

-3-

Valenti has the burden of presenting evidence in support of his argument that there is no triable issue regarding Williams' failure to exhaust. See Stout v. North-Williams, 476 F.App'x 763, 765-766 (5th Cir. 2012); Curtis v. Timberlake, 436 F.3d 709, 711 (7th Cir. 2005). If he meets this burden, Williams must "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. Boudreaux v. Swift Transp. Co., Inc., 402 F.3d 536, 540 (5th Cir. 2005), quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).

Before a prisoner can present a claim in federal court, he must have exhausted those prison administrative remedies that are available to him. 42 U.S.C. § 1997e. This applies to all aspects of prison life. Porter v. Nussle, 122 S.Ct. 983, 992 (2002). The purpose of § 1997e(a) is to filter out baseless claims and to allow custodial officials to respond to legitimate complaints without burdening the courts. Id. at 988. See also Woodford v. Ngo, 126 S.Ct. 2378, 2388 (2006). A prisoner cannot sidestep the exhaustion requirement by arguing that the procedures are inadequate. Alexander v. Tippah County, Miss., 351 F.3d 626 (5th Cir. 2003). Nor can he comply with the exhaustion requirement by filing a grievance or appeal that is procedurally defective. Kidd v. Livingston, 463 F.App'x 311, 313 (5th Cir. 2012). Failure to exhaust is an affirmative defense in a prisoner civil rights suit; prisoners are "not required to specifically plead or demonstrate exhaustion in their complaints." Johnson v. Mississippi Department

-4-

of Corrections, 244 F.App'x 554, 555 (5th Cir. 2007), citing Jones
v. Bock, 127 S.Ct. 910, 921 (2007).

The TDCJ system has a two-step grievance procedure, which
must be completed in order to comply with § 1997e.  Powe v. Ennis,
177 F.3d 393, 394 (5th Cir. 1999).  If an inmate has a complaint,
he has 15 days from the date of the alleged infraction to file a
Step 1 grievance with the Unit Grievance Investigator.  Id.  The
inmate must then wait up to 40 days to receive a response.  If the
response is not satisfactory, the inmate must then file a Step 2
grievance within 15 days and wait another 35 days for a response.
Id.  See also Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004)
("The Step 1 grievance, which must be filed within fifteen days of
the complained-of incident, is handled within the prisoner's
facility.  After an adverse decision at Step 1, the prisoner has
ten days to file a Step 2 grievance, which is handled at the state
level.").  To exhaust, a prisoner must pursue a grievance through
both steps in compliance with all procedures.  Id., citing Wright
v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).

Valenti has presented Williams' grievance records.  There are
no grievances that refer to Valenti or the alleged assault.
Moreover, Williams has not filed a response to Valenti's Motion for
Summary Judgment.  Although a district court may not grant summary
judgment by default simply because there is no opposition to the
motion, the court may accept as undisputed the movant's version of
the facts and grant a motion for summary judgment when the movant

has made a <u>prima facie</u> showing of entitlement to summary judgment. <u>See Jegart v. Roman Catholic Church of Diocese of Houma Thibodaux</u>, 384 F.App'x 398, 400 (5th Cir. 2010), <u>citing Eversley v. MBank Dallas</u>, 843 F.2d 172, 174 (5th Cir. 1988).   Because Valenti establishes that Williams did not exhaust the TDCJ grievance process, and because Williams does not dispute Valenti's version of the facts, the court concludes that Valenti is entitled to judgment as a matter of law.   Therefore, the defendant's Motion for Summary Judgment will be granted, and this action will be dismissed under FED. R. CIV. P. 56.

### III.   Conclusion

The court **ORDERS** the following:

1.   Defendant Valenti's Motion for Summary Judgment (Docket Entry No. 14) is **GRANTED**.

2.   The Complaint filed Under the Civil Rights Act 42 U.S.C. § 1983 (Docket Entry No. 1) by TDCJ-CID prisoner Ernest Williams is **DISMISSED with prejudice**.   FED. R. CIV. P. 56(c).

**SIGNED** at Houston, Texas, on this 19th day of April, 2013.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE